```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATALIE M. GRIDER, M.D. and         )   Civil Action
KUTZTOWN FAMILY MEDICINE, P.C.,     )   No. 2001-CV-05641
                                    )
          Plaintiffs                )
     v.                             )
                                    )
KEYSTONE HEALTH PLAN                )
CENTRAL, INC.,                      )
HIGHMARK, INC.,                     )
JOHN S. BROUSE,                     )
CAPITAL BLUE CROSS,                 )
JAMES M. MEAD and                   )
JOSEPH PFISTER,                     )
                                    )
          Defendants                )
```

O R D E R

NOW, this 20th day of December, 2006, upon consideration of the following submissions:

1. Plaintiffs' Amended Motion for Class Certification, filed December 12, 2005; together with:

    (a) Defendants' Joint Answer to Plaintiffs' Amended Motion for Class Certification, which answer was filed on behalf of all defendants on January 10, 2006;

    (b) Notice of Supplemental Authority filed by defendant Highmark, Inc. on September 18, 2006;

    (c) Plaintiff's List of Class Legal and Factual Issues under Fed.R.Civ.P. 23(c)(1)(B) and *Wachtel v. Guardian Life Ins. Co.*, 453 F.3d 179 (3d Cir. 2006), which list was filed October 5, 2006;

    (d) Plaintiffs' List of Class Defenses under Fed.R.Civ.P. 23(c)(1)(B) and *Wachtel v. Guardian Life Ins.Co.*, 453 F.3d 179 (3d Cir. 2006), which list was filed October 5, 2006;

    (e) Defendants' Joint Response to Plaintiffs' List of Class Claims, Issues and Defenses, which response was filed on behalf of all defendants on October 20, 2006; and

    (f) Plaintiffs' Reply to Defendants' Joint Response to Plaintiffs' List of Class Claims, Issues and Defenses, which reply was filed October 30, 2006;

upon consideration of the briefs of the parties; after hearing conducted on March 6, 7, 8, 9 and 10, 2006; and for the reasons articulated in the accompanying Opinion,

  <u>IT IS ORDERED</u> that Plaintiffs' Amended Motion for Class Certification is granted in part and denied in part.

  <u>IT IS FURTHER ORDERED</u> that Counts I,[1] III[2] and IV[3] of plaintiffs' Amended Complaint are certified as class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

  <u>IT IS FURTHER ORDERED</u> that plaintiffs' motion for class certification of Count V of their Amended Complaint is denied.[4]

---

[1] Count I of plaintiffs' Amended Complaint alleges conspiracy to commit RICO violations pursuant to 18 U.S.C. § 1962(d) in violation of 18 U.S.C. § 1962(c).

[2] Count III of plaintiffs' Amended Complaint alleges violation of section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

[3] Count IV of plaintiffs' Amended Complaint alleges violation of the prompt-payment provision of Pennsylvania's Quality Health Care Accountability and Protection Act, Act of May 17, 1921, P.L. 682, No. 284, §§ 2101-2193, as amended, 40 P.S. §§ 991.2101 to 991.2193.

[4] Count V of plaintiffs' Amended Complaint alleges breach of contract against defendant Keystone Health Plan Central, Inc.

IT IS FURTHER ORDERED that a class is certified for the period from January 1, 1996 through and including October 5, 2001 on behalf of the following subclasses:

All medical service providers in connection with medical services rendered to patients insured by defendant Keystone Health Plan Central, Inc. who during the period January 1, 1996 through October 5, 2001:

(1) submitted claims for reimbursement on a fee-for-service basis for covered services which claims were denied or reduced through the application of automated edits in the claims processing software used by defendants to process those claims; and/or

(2) received less in capitation payments than the provider was entitled through the use and application of automated systems to "shave" such payments in the manner alleged in plaintiff's Amended Complaint filed October 6, 2003.

IT IS FURTHER ORDERED that the following factual issues are certified for class treatment:

(1) common automated bundling practices;

(2) common automated downcoding practices;

(3) a common failure to pay clean claims within the applicable statutory time period;

(4) a common failure to timely place patients on capitation rolls;

(5) a common failure to pay appropriate capitation or fee-for-service on guest members;

(6) common proof of a conspiracy to defraud in violation of RICO;

(7) a common failure to recognize CPT prescribed modifiers;

(8) whether defendants improperly suspended claims to delay or deny payment;

      (9) whether defendants failed to pay for medically necessary covered services; and

      (10) whether defendants followed a "pursue and pay" or a "pay and pursue" strategy for the payment of claims under the Pennsylvania prompt payment statute.[5]

IT IS FURTHER ORDERED that the following legal issues[6] are certified for class treatment:

      (1) whether defendants committed mail or wire fraud;

      (2) whether defendants violated the Pennsylvania prompt payment statute[7]; and

      (3) whether defendants conspired in violation of RICO[8].

IT IS FURTHER ORDERED that the following common defenses are certified for class treatment:

      (1) whether the class claims are barred by disclosures contained in Keystone's common standard form, fill-in-the-blanks Primary Care Physician Provider Contract, specialist Consulting Agreement or Keystone's Administrative Manual (including updates and revisions), in effect during the class period;

      (2) whether the class claims are barred by disclosures contained in the Highmark/Pennsylvania Blue Shield ("PBS") Procedural Terminology Manuals distributed by Highmark to its network of physicians during the class period;

      (3) whether the class claims are barred by disclosures contained in the Highmark/PBS "Policy Review & News" distributed by Highmark to its network of physicians during the class period;

---

[5] See footnote 3, above.

[6] While each of these issues are based, in part, upon factual determinations, whether those factual allegations, if proven, constitute mail fraud, wire fraud, violation of the Pennsylvania prompt payment statute, conspiracy, and RICO violations are among the ultimate legal conclusions for determination in this case.

[7] See footnote 3, above.

[8] See footnotes 1 and 2, above.

    (4) whether the class claims are barred by the Statements of Remittance ("SORs") sent to providers with their reimbursement checks;

    (5) whether endorsements on the SORs to the effect that acceptance of the "allowed amount" (that is, defendants' fee schedule amount) constituted a release and satisfaction of the class' claims for reimbursement for medical services even when such allowed amount was not paid;

    (6) whether the class claims are barred because the injuries and damages of the class members were caused by the conduct of others, not defendants;

    (7) whether the class claims are barred by the applicable statute of limitations; and

    (8) whether the class claims are barred because of the absence of any material misrepresentations, misleading disclosures or omissions by defendants in their standard form, Primary Care Physician Provider Contract and specialist Consulting Agreement.

    <u>IT IS FURTHER ORDERED</u> that pursuant to Rule 23(g) of the Federal Rules of Civil Procedure Kenneth A. Jacobsen, Esquire, Louis C. Bechtle, Esquire, Francis J. Farina, Esquire and Joseph A. O'Keefe, Esquire are each appointed class counsel.

    <u>IT IS FURTHER ORDERED</u> that plaintiff Natalie M. Grider, M.D., both in her individual capacity and as President of plaintiff Kutztown Family Medicine, P.C., is approved as class representative.

    <u>IT IS FURTHER ORDERED</u> that on or before January 19, 2007 defendant Keystone Health Plan Central, Inc., shall provide plaintiffs' counsel with the name and last known address of

every physician having a contract with Keystone during the class period.

IT IS FURTHER ORDERED that on or before January 26, 2007 class counsel shall present to counsel for defendants and the undersigned a proposed class notice[9] and a specific proposal for service of the class notice upon all class members in accordance with the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that defendants shall have until on or before February 6, 2007 to object to plaintiffs' proposed class notice and service proposal.

IT IS FURTHER ORDERED that a Rule 16 Status Conference shall be conducted on the record by the undersigned on February 12, 2007 at 9:30 o'clock a.m. in a courtroom to be designated at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, or at such other time, place and location designated by the undersigned, to resolve any objections to plaintiffs' proposed class notice and service proposal, and to approve the class notice.

IT IS FURTHER ORDERED that on or before March 15, 2007 plaintiffs shall serve the approved class notice upon all class

---

[9] The official commentary to Fed.R.Civ.P. 23 notes that: "The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms."  Fed.R.Civ.P. 23 Advisory Committee Notes 2003.

members in the manner approved by the undersigned pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

IT IS FURTHER ORDERED that on or before March 30, 2007 plaintiffs shall file a copy of the Notice provided to class members and a certification by class counsel detailing the method of service, identifying those members to whom individual notice was provided, the reasons why any members of the class could not be identified through reasonable effort, and the proposed method by which notice will be provided to members who could not be identified through reasonable effort.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remove this matter from the civil suspense docket.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge