<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| NATALIE M. GRIDER, M.D. and<br>KUTZTOWN FAMILY MEDICINE, P.C., | )<br>)<br>) | Civil Action<br>No. 2001-CV-05641 |
| Plaintiffs | ) | |
| v. | )<br>) | |
| KEYSTONE HEALTH PLAN<br>CENTRAL, INC.,<br>HIGHMARK, INC.,<br>JOHN S. BROUSE,<br>CAPITAL BLUE CROSS,<br>JAMES M. MEAD, and<br>JOSEPH PFISTER, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants | )<br>) | |
| and | )<br>) | |
| STEVENS & LEE, P.C.<br>DANIEL B. HUYETT<br>JEFFREY D. BUKOWSKI<br>HANGLEY, ARONCHICK, SEGAL &<br>PUDLIN, and<br>STRADLEY, RONON, STEVENS & YOUNG | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Respondents | ) | |

<u>O R D E R</u>

NOW, this 28th day of September, 2007, upon consideration of the following documents:

    1. Plaintiffs' Motion for Sanctions and for Findings of Contempt Under Rules 11, 26(g) and 37 of the Federal Rules of Civil Procedure and Other Provisions of Law, which motion was filed on March 22, 2006;

    2. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Sanctions and for Findings of Contempt Under Rules 11, 26(g) and 37 of the Federal Rules of Civil Procedure, which memorandum was filed on March 22, 2007;

>    3.  Plaintiff's Combined Motion and Memorandum for Sanctions and Findings of Contempt Under Rule 37 of the Federal Rules of Civil Procedure and Other Provisions of Law for Defendants' Flagrant Disobedience of This Court's April 26, 2004 Order Prohibiting the Redaction of Discovery Documents, which combined motion and memorandum was filed on December 19, 2006;

upon consideration of the 33 additional submissions of the parties and respondents, which are enumerated in Attachment I to this Order, which is incorporated here, including answers, responses, legal memoranda, briefs, joint proposed findings of fact and conclusions of law, and proposed findings of fact and conclusions of law; after hearing held January 22, 23, 24, 25, 26 and February 6, 7, 8 and 9, 2007; after closing arguments; upon consideration of the testimony and evidence adduced at the hearing; and based upon the Findings of Fact, Conclusions of Law, and reasons expressed, in the accompanying Opinion,

> IT IS ORDERED that Plaintiffs' Motion for Sanctions and for Findings of Contempt Under Rules 11, 26(g) and 37 of the Federal Rules of Civil Procedure and Other Provisions of Law is granted in part, and denied in part.

> IT IS FURTHER ORDERED that Plaintiff's Combined Motion and Memorandum for Sanctions and Findings of Contempt Under Rule 37 of the Federal Rules of Civil Procedure and Other Provisions of Law for Defendants' Flagrant Disobedience of This

Court's April 26, 2004 Order Prohibiting the Redaction of Discovery Documents is granted in part, and denied in part.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions based upon Rule 26(g)(2)(A) and (B) of the Federal Rules of Civil Procedure is granted against Defendants Keystone Health Plan Central, Inc., Capital Blue Cross, Highmark, Inc. and their respective counsel, including John S. Summers, Esquire, the law firm of Hangley, Aronchick, Segal & Pudlin, Jeffrey D. Bukowski, Esquire and the law firm of Stevens & Lee, P.C., Sandra A. Girifalco, Esquire and the law firm of Stradley, Ronon, Stevens & Young.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions based upon Rule 37(c)(1) of the Federal Rules of Civil Procedure is granted against Defendants Keystone Health Plan Central, Inc., Capital Blue Cross, Highmark, Inc., John S. Summers, Esquire, the law firm of Hangley, Aronchick, Segal & Pudlin, Jeffrey D. Bukowski, Esquire, Daniel B. Huyett, and the law firm of Stevens & Lee, P.C., Sandra A. Girifalco, Esquire and the law firm of Stradley, Ronon, Stevens & Young.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions based upon 28 U.S.C. § 1927 and Rule 83.6.1 of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania is granted against John S. Summers, Esquire, the law firm of Hangley, Aronchick, Segal &

Pudlin, Daniel B. Huyett, Esquire, Jeffrey D. Bukowski, Esquire, the law firm of Stevens & Lee, P.C., Sandra A. Girifalco, Esquire, and the law firm of Stradley, Ronon, Stevens & Young.

<u>IT IS FURTHER ORDERED</u> that, in all other respects, plaintiffs' two motions for sanctions are denied.

<u>IT IS FURTHER ORDERED</u> that the following sanctions are imposed upon each attorney and party sanctioned herein:

> (1) payment of plaintiffs' reasonable attorneys' fees for the filing of the within two sanctions motions, preparation for hearing and all in-court time during the hearing, together with any costs incurred for prosecution of these two motions;
>
> (2) payment to plaintiffs for all sums paid by plaintiffs as fees to Special Discovery Master Karolyn Vreeland Blume for her services in this case; and
>
> (3) payment of plaintiffs' reasonable attorneys' fees and costs incurred in preparing for, and participating in, all proceedings before Special Discovery Master Blume.

<u>IT IS FURTHER ORDERED</u> that the parties and counsel sanctioned herein shall each pay the following percentages of the total fees and costs awarded to plaintiffs herein:

> A.  Keystone Health Plan Central, Inc. – 25%;
>
> B.  Capital Blue Cross - 25%;
>
> C.  John S. Summers, Esquire and the law firm of Hangley, Aronchick, Segal & Pudlin, jointly and severally - 25%;
>
> D.  Highmark, Inc. - 10%;

    E. Sandra A. Girifalco, Esquire and the law firm of Stradley, Ronon, Stevens & Young, jointly and severally - 10%; and

    F. Daniel B. Huyett, Esquire, Jeffrey D. Bukowski, Esquire and the law firm of Stevens & Lee, P.C., jointly and severally - 5%.

   <u>IT IS FURTHER ORDERED</u> that plaintiffs shall have until on or before October 30, 2006 to file a petition for the attorneys fees and costs awarded herein, together with their time records, including a detailed explanation of the hours expended, the dates of the services performed, the task completed, the hourly rate for each attorney performing work on this matter, and an itemized statement of costs and expenses incurred in connection with these sanctions motions.

          BY THE COURT:


          /s/ James Knoll Gardner
          James Knoll Gardner
          United States District Judge